PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* SANTIAGO
RODRÍGUEZ, Defendant and Appellant.

No. 3492.  Argued December 7, 1928.—Decided February 25, 1929.

*Felipe Colón Díaz* for the appellant.  *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The district attorney of Ponce filed an information against Santiago Rodríguez for the crime of forgery committed as follows:

"The aforesaid accused, Santiago Rodríguez, on or about the 12th of March, 1927, and within the municipality of Ponce, Porto Rico, which forms a part of the judicial district of that name, with the intent to defraud Domingo Martínez, the owner of a house in this city which the accused desired to rent and did rent, unlawfully, wilfully, maliciously and criminally forged the signature of Miguel Alvarez to a security contract required of him by Domingo Martinez to guarantee the rent of the said house, thereby succeeding in living in the said house for a month without paying rent."

The accused denied the charge and the case went to trial. The jury found the accused guilty and he was sentenced by the court to a year in the penitentiary without costs.

Rodríguez appealed to this court and contends in his brief that the court erred in overruling his demurrer on the ground that the information did not charge the commission of a public offense, and his motion for nonsuit, and that the jury erred in rendering a verdict contrary to the evidence and the law.

The appellant argues on his first assignment that the demurrer on the ground that the information did not charge the commission of a public offense should have been sustained because in the information "it is not alleged that the accused *falsely* delivered the security contract as genuine and real with knowledge that it was forged."

Examining the information in the light of the law and the jurisprudence, we believe that the appellant is mistaken.

It is true that in the information what the appellant points out is not alleged in his exact words, but it is true also that the allegation that the accused *forged* the security required of him by the owner of the house for its rent and thereby secured the occupancy of the said house is an implied allegation that the accused, with knowledge that the security was forged because he forged it himself, delivered it as genuine since he had to present it as such to the owner of the house for his acceptance. The intention to defraud is not only expressly alleged, but it appears from the facts as charged that the fraud became a reality. The accused succeeded in living a month in the house by means of the security required by the owner and forged by him.

The case of *People* v. *García,* 9 P.R.R. 391, cited by the appellant, is not applicable. In that case it was necessary to allege expressly that the accused knew that the coin was false because the accused was not charged with the act of having falsified it, but with having passed it and defrauded another person.

The second and third assignments can and should be considered together, as both refer to the alleged insufficiency of the evidence.

When the prosecution closed its case the accused made a motion for nonsuit and it was overruled by the court. The accused contends that the court erred and that consequently the jury also erred in rendering a verdict of guilty.

In support of his contention the appellant alleges that the district attorney introduced no evidence to show that the

accused *forged* the security and therefore that the evidence was clearly insufficient.

The evidence consisted of the security contract which the accused delivered personally to the manager of the house rented and of the testimony of Rodolfo G. Fernández, Domingo Martínez and Miguel Alvarez.

Fernández testified that he knew the defendant and Domingo Martínez, whose power of attorney he holds; that the defendant asked to rent a house which he had in charge; that he required him to give security; that the defendant proposed Quiterio Rodríguez and he went to see him whereupon Rodríguez refused the request and told him that the defendant was in his employ and that he could come every month to his shop for the rent; that this security did not satisfy him; that the defendant then proposed Miguel Alvarez as surety; that he agreed because Alvarez was solvent and gave him the blank form to be signed by Alvarez; that on the following day the defendant brought to him the signed document and he gave him the key of the house; that the defendant failed to pay the rent and he went to see the surety who told him that the signature appearing on the security contract was not his; that he then sued the surety and the court dismissed the complaint because Alvarez was not liable because he had not signed the security. Cross-examined by the defense, he testified that he did not see Alvarez sign; that the defendant "brought him the security as if coming from Miguel Alvarez."

Domingo Martínez testified that Fernández was his manager; that he knew the defendant and knew that his agent had rented one of his houses to him; that the defendant did not pay him nor had to pay the rent to him personally.

Miguel Alvarez testified that he knew the defendant; that about March 12, 1927, the defendant asked him to furnish security for him for the rent of a house and the witness refused because he had had to pay other securities. He was shown the security appearing to have been signed by him

and said that it was not his signature and he had not authorized any person to sign the document.

That was the evidence examined.

It appears therefrom that the defendant presented the document as genuine knowing that it was forged, with intent to defraud, as he did defraud, the owner of the house. That is sufficient.

In *People* v. *Rodríguez,* 3 P.R.R. 279, 2d ed., this court said by Mr. Justice MacLeary:

"The facts plainly show the crime to have been committed, and designate with sufficient certainty the defendant as the author. If he did not himself forge the instrument, that is to say, if he was not the material author of the crime of actual forgery, he committed the equivalent crime of presenting the forged paper with the knowledge of its falsity for the purpose of avoiding the payment of a just debt."

The judgment appealed from must be affirmed.